```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
VASANTHANKUMARAN SELVARAJAH,

                  Plaintiff,           10 Civ. 4580 (JGK)

      - against -                      MEMORANDUM OPINION AND
                                       ORDER
U.S. DEPARTMENT OF HOMELAND
SECURITY, ERIC HOLDER U.S. ATTORNEY
GENERAL

                  Defendants.
───────────────────────────────────────
```

JOHN G. KOELTL, District Judge:

The plaintiff Vasanthankumaran Selvarajah ("Selvarajah" or the "plaintiff"), seeks to enjoin the defendants Department of Homeland Security ("DHS") and United States Attorney General Eric Holder, Jr. (collectively the "defendants" or the "Government") from continuing removal proceedings against him. He seeks a preliminary injunction enjoining those proceedings. The plaintiff claims that the Notice to Appear ("NTA") charging him with removability is defective because it was signed by an officer who was not authorized to issue an NTA. The defendants move to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and oppose the motion for a preliminary injunction.

The Government contends that the Complaint should be dismissed for lack of subject matter jurisdiction. Because the

1

plaintiff's removal proceeding is currently pending before the immigration court and a final order has not yet been issued, the Government contends that this proceeding is not ripe for judicial review and that under 8 U.S.C. § 1252(a)(5), the district court does not have jurisdiction over the plaintiff's claim because it relates to a removal order.

I.

In defending a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Procedure 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006). Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See Anglo-Iberia Underwriting Mgmt. Co. v. P.T. Jamsostek (Persero), 600 F.3d

2

171, 175 (2d Cir. 2010); APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56. Kamen, 791 F.2d at 1011; see also Leyse v. Bank of Am., No. 09 Civ. 7654, 2010 WL 2382400, at *1 (S.D.N.Y. June 14, 2010).[1]

II.

The plaintiff is a native of Sri Lanka who sought political asylum in the United States.  On May 22, 2002, the plaintiff was granted asylum and his status was adjusted to lawful permanent resident.  (See Compl. Ex. A.)

On March 17, 2009, the United States Department of Homeland Security issued Selvarajah an NTA alleging that he procured asylum "by fraud or by willfully misrepresenting a material fact." (Id.)  The NTA was executed by Philip A. Savage, a Supervisory Immigration Services Officer.

---

[1] The plaintiff's response to the motion to dismiss is also styled as a "motion for summary judgment."  However, that title adds nothing to the papers and the plaintiff has not complied with the requirements for filing a motion for summary judgment such as submitting a Rule 56.1 Statement.

On November 24, 2009, the plaintiff filed a Motion to Terminate Proceedings before Immigration Judge Javier Balasquide, on the ground that the NTA was defective. (Compl. ¶¶ 10-11.) The plaintiff argued that the NTA was defective, because a Supervisory Immigration Services Officer ("SISO") is not one of the enumerated officials authorized to issue an NTA pursuant to 8 C.F.R. § 239.1(a). (Id.) In an oral decision delivered on March 2, 2010, Judge Balasquide denied the motion, explaining that he found SISO Savage to be authorized to execute an NTA. (Id. ¶ 11.)

The plaintiff's request for an Interlocutory Appeal to the Board of Immigration Appeals (BIA) was denied. (Id. ¶ 13.) The Board's decision stated that "[t]he circumstances of this case do not meet [the] stringent criteria for interlocutory review." (Id. ¶ 13.)[2]

The plaintiff now moves for a preliminary injunction against the Government to stop the removal proceedings against him.

---

[2] The BIA has previously determined that the list in § 239.1(a) is non-exclusive. See Dailide v. U.S. Atty. Gen., 387 F.3d 1335, 1341 (11th Cir. 2004).

III.

The Government contends that this Court does not have subject matter jurisdiction in this case, because § 1252 vests the court of appeals with exclusive jurisdiction to review challenges arising from removal proceedings and requires a final order as a prerequisite to judicial review. The petitioner argues that this Court has jurisdiction over his claim.

A.

Section 1252(b)(9)of Title 8, provides for judicial review. This section states that,

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States... shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252 (a)(5) makes clear that "judicial review" in this context means review by the court of appeals:

> [A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter....

8 U.S.C. § 1252(g) further clarifies that

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory),...no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

It is plain from these provisions that this Court lacks jurisdiction to review the interlocutory determination of whether the INA was signed by an appropriate person. Judicial review of this question of law or fact, arising from the petitioner's removal proceeding, is only available in judicial review of a final order of removal. 8 U.S.C. § 1252(b)(9). That type of judicial review can only be entertained by the court of appeals. 8 U.S.C. § 1252(a)(5). This court lacks the jurisdiction to hear a claim, such as the plaintiff's, that arises from the action of the Attorney General in the adjudication of a removal proceeding. 8 U.S.C. § 1252(g).

B.

The plaintiff argues that this Court has jurisdiction on several different grounds. First, the plaintiff argues that "[j]udicial review of all questions of law and fact... arising from any action taken or proceeding brought to remove an alien...," 8 U.S.C. § 1252(b)(9), is limited to review of orders of removal only. Because the plaintiff is challenging an NTA,

6

and not a removal order, the plaintiff argues that § 1252(b)(9) does not divest the Court of jurisdiction for this matter. The plaintiff relies on the decision of the Court of Appeals for the Second Circuit in Luna v. Holder, 2010 WL 3447886 (2d Cir. Sep. 3, 2010) (withdrawn). That decision has since been withdrawn for reconsideration, and, in any event, is plainly distinguishable.

Luna concerned a situation where the petitioners were apparently banned from challenging their final orders of removal in the Court of Appeals, because the petitions were untimely. The petitioners argued that the petitions were untimely because of ineffective assistance of counsel or circumstances created by the government. The Court of Appeals was thus faced with the question of where, if at all, the petitioners could raise their challenge that their petitions for review in the Court of Appeals were untimely through no fault of their own. The Court of Appeals determined that the challenge should be heard by the district court and that 8 U.S.C. § 1252(b)(9) did not preclude such review because the claim was not a direct challenge to a final order of removal. The Court of Appeals joined other courts of appeals which had found that district courts retain jurisdiction over claims that are collateral to or independent

of removal orders.  Luna v. Holder, 2010 WL 3447886 (2d Cir. Sep. 3, 2010) (withdrawn).

Luna, even if it were not withdrawn, provides no help to the plaintiff here.  First, it was plain in Luna that there were final orders of removal, and the issue was where, if at all, challenges to alleged defects in the subsequent review process could be heard.  Here, there is no final order of removal, and 8 U.S.C. § 1252(b)(9) bars review of the questions of law or fact concerning the validity of the NTA, which plainly arises from the removal proceeding, except in judicial review of a final order of removal.  Second, while the Court of Appeals construed the challenge in Luna to be "collateral" or "independent" of the removal, the plaintiff's challenge to the NTA which began the removal proceeding and was litigated in the removal proceeding could not conceivably be described as "collateral" or "independent" of the removal proceeding. Here, the plaintiff unsuccessfully raised a challenge to the NTA in the immigration court and can raise his claim with the BIA after completion of the removal proceeding.

While the petitioner argues that § 1252(b)(9) grants courts of appeals exclusive authority to review removal orders only, and that district courts may entertain other challenges related to removal, the only such challenges that the district courts

8

have in fact been permitted to entertain are challenges that are *independent* of a removal order.  See, e.g., Nnadika v. Atty. Gen., 484 F.3d 626, 631-33 (3d Cir. 2007) (explaining that the petition for habeas corpus was properly made in the district court to the extent it challenged a denial of an asylum application rather than a final order of removal); Madu v. Atty. Gen., 470 F.3d 1362, 1367 (11th Cir. 2006) (question presented to the district court was whether there was a removal order at all); Hernandez v. Gonzales, 424 F.3d 42, 42 (1st Cir. 2005) (concluding that the district court retains jurisdiction for a challenge to detention that is independent of a challenge to a removal order).

By contrast, challenges to actions that are part of a removal proceeding have been treated in the same manner as challenges to removal orders, for jurisdictional purposes.  See, e.g., Haider v. Gonzales, 438 F.3d 902, 910 (8th Cir. 2006) (stating that a challenge to an NTA is in effect a challenge to an order of removal).  In Haider v. Gonzales, the petitioner contended that "jurisdiction never vested with the Immigration Court because the NTA did not include the date and time of the removal hearing."  438 F.3d at 909.  The Eighth Circuit Court of Appeals affirmed the district court's conclusion that the challenge to the constitutionality of the notice provided to

him, was, in effect, a challenge to the ultimate order of removal and therefore that review of the BIA decision was properly before the court of appeals.  See id. at 9-10.[3]

Just as the petitioner in Haider, 438 F.3d 902, the plaintiff challenges the validity of an NTA. An NTA is executed as the necessary first step for initiating the removal process. The question of the validity of an NTA is thus one "arising from any action taken or proceeding brought to remove an alien..." under § 1252(b)(9), and this Court is divested of jurisdiction by § 1252(a)(5).  Such a challenge is properly raised with the immigration court and on appeal to the BIA.  A decision by the BIA may be reviewed by the court of appeals, after the issuance of a final order.  See 8 U.S.C. §§ 1252(a)(5), 1252(d).[4]

C.

---

[3] The defendants also cite cases where courts of appeals have exercised jurisdiction over a claim of a defective NTA, after a final removal order has been issued.  See Kohli v. Gonzales, 473 F.3d 1061, 1065-70 (9th Cir. 2007); Espinosa v. ICE, 181 F. App'x 89 (2d Cir. 2006); Butt v. Gonzales, 201 F. App'x 978 (5th Cir. 2006); Dailide v. U.S. Atty. Gen., 387 F.3d 1335, 1341 (11th Cir. 2004).

[4] The plaintiff also argues that this Court has jurisdiction pursuant to 8 U.S.C. § 1252(f). The Supreme Court has rejected this argument, holding that § 1252(f) "is nothing more or less than a limit on injunctive relief....To find this is an affirmative grant of jurisdiction is to go beyond what the language will bear."  See  Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 481-82 (1999).

Finally, the plaintiff asserts that this Court has jurisdiction to hear his claim under the Administrative Procedure Act ("APA").  Selvarajah claims that he is not challenging an order of removal under § 1252(a)(1) or § 1252(a)(5), nor the decision of the Attorney General to initiate proceedings under § 1252(g).  (Pl.'s Reply ¶ 5.)  He claims that he is challenging the administrative actions of the Department of Homeland Security and the Department of Justice under the APA.  As the defendants point out, the Supreme Court has long held that the APA is inapplicable to removal proceedings.  See Marcello v. Bonds, 349 U.S. 302, 310 (1955); see also Hashim v. INS, 936 F.2d 711, 713 (2d. Cir. 1991) (stating that the Supreme Court has "explicitly held that the APA does not apply to deportation proceedings...."); Baez-Fernandez v. I.N.S., 385 F. Supp. 2d 292, 295 (S.D.N.Y. 2005).

Because the APA does not apply to the plaintiff's claim, it does not serve as a basis for jurisdiction for this Court.

D.

Because the complaint must be dismissed for lack of subject matter jurisdiction, there is no jurisdiction to issue a preliminary injunction and the application for a preliminary injunction must be denied.

## CONCLUSION

For the reasons explained above, the defendant's motion to dismiss for lack of jurisdiction is granted. The plaintiff's motion for a preliminary injunction is denied. The clerk is directed to enter judgment dismissing the complaint and closing this case. The clerk is also directed to close all pending motions.

**SO ORDERED.**

Dated:   New York, New York
         November 30, 2010

                                    _____
                                    John G. Koeltl
                                    United States District Judge